UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLARENCE MAYS # 95657                                CIVIL ACTION

VERSUS                                               NO: 08-3983

BURL CAIN, WARDEN                                    SECTION: "B"(6)

ORDER AND REASONS

Before the Court is Petitioner, Clarence Mays' petition for habeas corpus (Rec. Doc. No. 1 at 1-29) pursuant to 28 U.S.C. § 2254.  For the following reasons, **IT IS ORDERED** that the petition of Clarence Mays for issuance of a writ of habeas corpus is **DENIED.**

On-duty officer received a dispatch of a shoplifting incident and spotted the petitioner, who met the description given by the dispatcher.  The officer pulled up to the petitioner and ordered him to come over to his car.  As he was walking to the car, he opened his hand and a plastic baggie, containing an off-white rock substance, was dropped to the ground.  The officer field-tested the substance inside the baggie; and, after it tested positive for cocaine, placed the petitioner under arrest. The officer drove the petitioner to the location of the shoplifting, where he was not identified as the shoplifter.

Petitioner was convicted on October 18, 2001 of possession of cocaine and is incarcerated at the Louisiana State

1

Penitentiary in Angola, Louisiana.  On October 24, 2001, the State filed a *Multiple Bill of Information* alleging the petitioner was a Third Felony Offender.[1]  Subsequently, the 24th J.D.C convicted him as being a Third Felony Offender and sentenced him to life imprisonment at hard labor.

Petitioner had two direct appeals in state court.  On October 16, 2002, the Louisiana Fifth Circuit Court of Appeals remanded to the trial court to find the petitioner to be a Second Felony Offender, because the State failed to show that the ten-year cleansing period had not run between the time of his first and second predicate offenses, as required by La.R.S. 15:529.1(C).  *State v. Mays*, 02-448 (La.App. 5 Cir. 10/16/02); 831 So.2d 292.  Pursuant to the court's order, the 24th J.D.C. convicted him on February 20, 2003 of being a Second Felony Offender.  The State noticed its intent to re-file the *Multiple Offender Bill,* and also noticed its intention to seek writs.  The State did not seek writs; however, on March 24, 2003, the state re-filed the *Multiple Offender Bill,* and  petitioner filed a *Motion to Quash* (Rec. Doc. No. 1-1 at 78-80) on September 3, 2003*,* claiming res judicata*.*  At a hearing regarding the *Motion to Quash*, the trial court denied the motion, and both the Fifth

---

[1] (1) Simple Burglary of an Inhabited Dwelling pursuant to LSA-R.S. 14:62.2, to which the petitioner pled guilty on February 24, 1997; and (2) Armed Robbery pursuant to LSA-R.S. 14:64, to which the petitioner was found guilty on March 24, 1980.

2

Circuit Court of Appeal and the Louisiana Supreme Court denied writs on the matter. *State v. Mays*, 03-1377 (La.App. 5 Cir. 12/10/03) and *State v. Mays*, 04-KP-72 (La. 9/24/04); 882 So.2d 1162, respectively.

On October 6, 2004, a hearing was held on the *Multiple Offender Bill*, and the 24th J.D.C. found the petitioner guilty of being a Third Felony Offender and resentenced him to life imprisonment. Petitioner then appealed the decision of this hearing. On November 29, 2005 the Louisiana Fifth Circuit Court of Appeals vacated his multiple offender sentence upon determining the trial court erred in failing to grant the *Motion to Quash* based upon the principles of res judicata. *State v. Mays,* 05-116, p. 10 (La.App. 5 Cir. 11/29/05); 917 So.2d 1185. The State appealed. On May 26, 2006, the Louisiana Supreme Court reversed the court of appeals ruling, asserting that the principles of res judicata generally do not apply to habitual offender proceedings, and reinstated petitioner's adjudication and life sentence as a Third Felony Offender. (Rec. Doc. No. 1-1 at 74-76)

On March 20, 2007, petitioner filed his *Uniform Application for Post-Conviction Relief* (Rec. Doc. No. 1-1 at 2-35) in the 24th J.D.C., which the court denied on April 4, 2007. (Rec. Doc. No. 1-1 at 57-59). After extensions had been granted (Rec. Doc. Nos. 8 & 10), petitioner filed for appeal with the

Louisiana Fifth Circuit Court of Appeals on June 11, 2007 (Rec. Doc. No. 1-1 at 62-71); however, the court of appeal denied relief on June 28, 2007.  (Rec. Doc. No. 1-1 at 72).  On July 19, 2007, petitioner applied for supervisory writ (Rec. Doc. No. 1-1 at 37-48) with the Louisiana Supreme Court, but was denied writ on May 9, 2008.  (Rec. Doc. No. 1-1 at 49).

On September 4, 2007, petitioner filed a pleading in the 24th J.D.C. entitled: "*Motion for Production of Documents, Including Trial and Sentencing Transcripts And Pre and Post Trial Motions*".  On September 11, 2007, the district court denied the motion.

On June 9, 2008, petitioner filed a pleading in the 24th J.D.C. entitled "*Motion to Annul and Vacate Patent Error Sentence.*"  On June 18, 2008 the district court denied the motion.  On July 17, 2008, petitioner applied for writ with the Louisiana Fifth Circuit Court of Apeal, Writ No. 08-KH-609. On September 18, 2008, that court denied releif on procedural grounds, holding that the petitioner's motion was filed in the 24th J.D.C. beyond the prescriptive period allowed by La.C.Cr.P. art 930.8.  *Clarence Mays v. State of Louisiana*, 08-609 (La.App. 5 Cir. 9/18/08).

On July 11, 2008, petitioner filed this federal habeas corpus petition in the United States District Court, Eastern District of Louisiana, asserting seven grounds for relief:

(1) The State's witness and petitioner's arresting officer, Detective Scott Zemlik, perjured himself at trial, which was known to the prosecutor and amounted to prosecutorial misconduct as defined in *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Officer testified that the petitioner dropped the baggie when he was 10 feet from the patrol car. Officer then testified that the baggie was 1 foot from the patrol car. (Rec. Doc. No. 1 at 18).

(2) The State's witness and petitioner's arresting officer, Detective Scott Zemlik, perjured himself at trial: Petitioner alleges physically impossible false testimony of the arresting officer, based on the same logic above. (Rec. Doc. No. 1 at 19).

(3) Trial counsel was ineffective by his performance at trial, in his failure to object to the inconsistency in the arresting officers trial testimony. (Rec. Doc. No. 1 at 21-23).

(4) Trial counsel was ineffective for failing to cross-examine Detective Zemlik about the inconsistency in his trial testimony. (Rec. Doc. No. 1 at 20).

(5) Trial counsel was ineffective by conceding the petitioner's guilt in his closing argument: Counsel stated "Ladies and gentlemen of the jury, I'm not going to call the officer a liar. Lets just say he was mistaken about the

night of arrest." (Rec. Doc. No. 1 at 24).

(6) Trial counsel was ineffective in waiving pre-trial motions: Petitioner asserts that pre-trial motions would have suppressed the arresting officer's testimony and resulted in no probable cause for his arrest. (Rec. Doc. No. 1 at 25).

(7) The Louisiana Supreme Court erred in holding that the principles of res judicata do not apply to Louisiana's multiple offender proceedings when they allowed the state to file a second multiple offender bill based on the same underlying offenses as the first multiple offender bill. (Rec. Doc. No. 1 at 26-27).

Regarding claims 1 and 2, the respondent asserts that the prosecutorial misconduct claims are improper for failure to exhaust all state court remedies and must be dismissed without prejudice or dropped from this petition. Respondent also asserts that the remainder of claims 1 and 2, relating to the perjury and impossible testimony are procedurally barred from federal review; and, furthermore on the merits, that there is no evidence that the officer committed perjury. Any inconsistent statements were cleared up during cross-examination. (Rec. Doc. No. 11 at 12-21).

Regarding claims 3, 4, 5, and 6 concerning ineffective assistance of counsel, respondent argues that none of the

petitioner's claims pass either prong of the *Strickland* test for ineffective service of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). (Rec. Doc. No. 11 at 22-30).

Regarding claim 7 and the Louisiana Supreme Court's holding that the principles of res judicata do not apply to Louisiana's multiple offender proceedings, respondent argues that habeas relief is not warranted on this claim because the jurisdiction of this Court on habeas review of a state prosecution is limited to constitutional issues under 28 U.S.C. § 2254(d)(1), as amended by the AEDPA. Respondent asserts that the petitioner does not allege any specific constitutional error. Additionally, respondent mentions that federal habeas corpus relief is not available to challenge a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction. *Lackawanna County District Attorney v. Cross*, 532 U.S. 294, 121 S.Ct. 1567, 1570 (4/25/01). (Rec. Doc. No. 11 at 30-31).

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The standard of review is governed by 28 U.S.C. 2254(d)-(e). Under 2254(d), an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the decision was (1) contrary to, or involved an

unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light on the evidence presented in the State court proceeding.  Under 28 U.S.C. 2254(e), the state court's findings of fact are entitled to a presumption of correctness, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.

In the first two claims, the petitioner asserts that he was deprived of a fair trial when the detective allegedly perjured himself during trial, derived from the inconsistencies in the detective's trial testimony.  Petitioner also asserts, for the first time, that the prosecutor's actions in failing to correct the alleged false testimony of the detective amounted to prosecutorial misconduct as in *Napue v. Illinois* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).  The portion of the claim regarding prosecutorial misconduct is not exhausted because it has not been raised before the Louisiana Supreme Court in either of the petitioner's two writ applications, which makes this a mixed petition.  A state prisoner normally must exhaust all available state remedies before he can apply for federal habeas relief.  *See Ex parte Royal*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886).  To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his

claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512-13, 30 L.Ed.2d 438 (1971). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir.1983).

It is well settled that a mixed habeas petition should usually be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). The petitioner must return to the state courts to exhaust his claims in full, or he can amend and resubmit his petition, raising only exhausted claims in federal court. *Piler v. Ford*, 542 U.S. 225, 124 S.Ct. 2241, 159 L.Ed.2d 338 (2004). However, a procedural default occurs when a prisoner fails to exhaust available state remedies, and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. at 735 n. 1, 111 S.Ct. At 2257 n. 1; *Nobles v. Johnson*, 127 F.3d 409 (5th Cir.1997). La.C.Cr.P. art 930.8(A) states that no application for post-conviction relief, including application seeking an out-of-time appeal, shall be considered if filed more than two (2) years after the judgment of conviction and sentence have become final under La.C.Cr.P. arts. 914 or 922. Since the

petitioner's sentence became final on September 18, 2008, when the Louisiana Fifth Circuit Court of Appeal denied his final motion, any post-conviction relief application now filed in state court would be dismissed as untimely. The only remedy for a habeas petitioner to overcome a procedural default is by showing cause for and actual prejudice resulting from the default. *See Wainwright v. Sykes*, 433 U.S. 72 at 86-91, 97 S.Ct. 2497 at 2506-09, 53 L.Ed.2d 594 (1977). However, petitioner has not advanced any cause for his failure to raise this prosecutorial misconduct issue in his initial *Uniform Application for Post-Conviction Relief*. Courts have recently held that mixed habeas petitions, where all claims but one were exhausted and the sole unexhausted claim is procedurally defaulted, leaving nothing for the petitioner to exhaust in state court, need not be dismissed without prejudice. *See: Bagneris v. Cain*, 2007 WL 3353301 (5th Cir.2007), citing *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

Accordingly, in reviewing the merits of the alleged prosecutorial misconduct, this case is distinguishable from *Napue v. Illinois*, due to the fact that *Napue* prohibits the State from allowing a witness to testify at trial when the State knows that the witness is going to perjure himself. 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Also, the accused must be able to show that the prosecutor acted in collusion with the witness to facilitate false testimony. *Id.* at 269, 360 U.S. 264, 79 S.Ct.

1173, 3 L.Ed.2d 1217. Here, petitioner offers no evidence of collusion or false testimony between the detective and the prosecutor, and there is no evidence of prosecutorial misconduct. The petitioner's claim lacks merit.

Petitioner's claims regarding the detective's alleged perjury and inconsistent/impossible testimony are also procedurally barred from federal review. When a state-law procedure default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991). The claims were first raised in the 24th Judicial District Court in the petitioner's *Uniform Application for Post-Conviction Relief,* and the court issued an order denying these claims as procedurally barred pursuant to La.C.Cr.P. art. 930.4(C)[2] since they should have been raised on appeal. (Rec. Doc. No. 1-1 at 57-59). Judgments resting on state rulings of procedural default can only be subjected to federal habeas review of the claim if the habeas petitioner can show "cause" for the default and "prejudice attributed thereto," or demonstrate that the failure to review the defaulted claim will result in a "fundamental miscarriage of

---

[2] Art. 930.4. Repetitive Applications
    C. If the application alleges a claim of which the petitioner raised in the trial and inexcusably failed to pursue on appeal, the court may deny relief.

justice." *Amos v. Scott*, 61 F.3d 333, 339; *Wainwright v. Sykes* 433 U.S. 72 at 86-91, 97 S.Ct. 2497 at 2506-09, 53 L.Ed.2d 594 (1977). Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice, concerning his procedural default. This Court is precluded from reviewing the merits of these claims.

Alternatively, petitioner's claims lack substance on the merits. The claims were raised in his *Uniform Application for Post-Conviction Relief*. The 24th Judicial District Court denied the claims, finding no merit. The court held:

> Petitioner's first two complaints relate to the credibility of the police officer who testified against him. He claims perjury and inconsistent and physically impossible testimony. Despite his serious allegation, the petitioner cites neither statute nor case law in support of his theory. He cites no facts in support of his allegation that the officer committed perjury. He complains that his attorney did not object to the testimony, but fails to state which provision of the Code of Evidence was violated. (Rec. Doc. No. 1-1 at 57-59).

There is no evidence of perjury by the detective. 28 U.S.C. 2254(e)(1) conveys that the state court's findings of fact are entitled to a presumption of correctness, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Petitioner fails to show how the state court's ruling was based on an unreasonable determination of the facts or that the state court ruling was contrary to, or involved an unreasonable application of federal law. In this instance, the petitioner fails to meet his burden under 28 U.S.C. 2254(e).

In order to satisfy a claim of ineffective assistance of counsel that the petitioner asserts in claims 3-6, he must show: (1) that the counsel's performance was deficient to the extent that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the petitioner to the extent that the errors were so serious as to deprive the petitioner of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Petitioner raised these claims in his *Uniform Application for Post-Conviction Relief*, in which the court applied a useful Fifth Circuit summary of the controlling state and federal case law:

> In order to show prejudice, a defendant must demonstrate that the outcome of the trial would have been different, but for counsel's unprofessional conduct. Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. Any inquiry into the effectiveness of counsel must be specific to the facts of the case, because there is no precise definition of reasonable effective assistance of counsel. An alleged error that falls within the ambit of trial strategy does not establish ineffective assistance of counsel, because "opinions may differ on the advisability of such a tactic." Therefore, "hindsight is not the proper prospective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." If an alleged error is part of counsel's trial strategy, it does not establish ineffective assistance of counsel.
>
> *State v. Singleton,* 923 So.2d 803, 05-632 (La.App. 5 Cir. 2/14/06)

13

In this case, petitioner contends that his attorney did not object to the officer's alleged physically impossible testimony regarding the dropping of the baggie; however, counsel had no basis for objecting to a factual account of the crime given by an eyewitness.  Further, the jury heard this testimony as well, and were qualified to draw conclusions from the content and delivery of the testimony.  Thus, under *Strickland* and *Singleton*, this complaint lacks merit.

Petitioner also complains that his attorney conceded his guilt in his closing argument when the attorney stated to the jury that he was not going to call the officer a liar, but rather asked them to conclude that the officer was mistaken.  Petitioner then contends that the counsel proceeded to present a bogus and unsupported theory of defense to the jury, as in *State v. Potter*; however, he offers no evidence or reasons to support this statement.  612 So.2d 953 (La.App 4th Cir. 1993).  The district court made a factual finding that there was no evidence of the counsel's conceding guilt in response to the petitioner's *Uniform Application for Post Conviction Relief.*  These findings of fact are entitled to a presumption of correctness which the petitioner bears the burden of proving under 28 U.S.C. 2254(e)(1). Petitioner has offered insufficient evidence to rebut the state court's finding that the counsel did not concede guilt, by clear and convincing evidence, thus failing his burden under 28 U.S.C.

2254(e)(1). Further, the petitioner fails his burden under *Strickland* and *Singleton*, of proving deficient performance of his counsel or prejudice.

Petitioner contends that his counsel was ineffective in proceeding to trial without obtaining a ruling on the motion to suppress the officer's testimony because it came as a result of an unreasonable search and seizure. However, officers have the right to stop and interrogate individuals reasonably suspected of criminal conduct, recognized by La.C.Cr.P. art 215.1, as well as state and federal jurisprudence.[3] Furthermore, any property that is abandoned or disposed of during a lawful investigatory stop may be lawfully seized.[4] When the petitioner matched the description of the shoplifter, the officer had a right to conduct an investigatory stop. When the petitioner dropped the baggie of cocaine as he walked toward the detective, it was abandoned during a legal investigatory stop, and the officer had right to lawfully seize it. As a result, the officer had probable cause to arrest the petitioner, and his counsel was not deficient in not pursuing the motion to suppress the officer's testimony.

Petitioner finally contends that the Louisiana Supreme Court

---

[3] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrishok*, 434 So.2d 389 (La. 1983); *State v. Chopin*, 372 So.2d 1222 (La. 1979).

[4] *California v. Hondari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

15

erred in holding that the principles of res judicata do not apply to Louisiana's multiple offender proceedings. He asserts that Due Process rights under the 14th Amendment were violated after the State failed to appeal the February 20, 2003 Second Felony Offender sentence within the 30 day appeal window, but rather re-filed the *Multiple Offender Bill of Information* on March 24, 2003. However, because a multiple offender hearing is not a trial, legal principles such as res judicata do not apply. *State v. Dorthey*, 623 So.2d 1276, 1279 (La. 1993). Additionally, The United States Supreme Court in *Lackawanna County District Attorney v. Cross* held that federal habeas corpus relief is not available to challenge a current sentence on the ground that it was enhanced based on allegedly unconstitutional prior convictions. 532 U.S. 394, 394, 121 S. Ct. 1567, 1569, 149 L. Ed. 2d 608 (2001). "Once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because petitioner did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* At 1574. An exception exists to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*. 372 U.S. 335,

16

83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The failure to appoint counsel is a unique constitutional defect, rising to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 395, 121 S. Ct. 1567, 1569-70, 149 L. Ed. 2d 608 (2001). However, being that the petition does not fall within this exception, his previous convictions are presumed valid, and the State may use them in determining multiple offender status. Accordingly, this claim does not provide a sufficient basis for federal habeas corpus relief and should be denied.

Clarence Mays' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 lacks merit based on the previously mentioned reasons. For those reasons, **IT IS ORDERED** that the petitioner's application for habeas corpus is **DENIED.**

New Orleans, Louisiana, this 7th day of June, 2011.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

17